UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE SEIGEL,

    Plaintiff,

v.                                                Case No. 8:16-cv-00584-EAK-TGW

PROVIDENT LIFE & ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, PROVIDENT LIFE & ACCIDENT INSURANCE COMPANY (hereafter "Defendant"), Motion to Dismiss Plaintiff's Amended Complaint (Doc. 5), and Plaintiff's, LAWRENCE SEIGEL. (hereafter "Plaintiff"), Response in Opposition to Defendant's Motion to Dismiss Amended Complaint (Doc. 12). For the reasons set forth below, Defendant's motion is **GRANTED** in part and **DENIED** in part.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiff filed this action on February 1, 2016, in the Sixth Judicial Circuit in and for Pinellas County, Florida. On March 10, 2016, Defendant filed a Notice of Removal (Doc. 1). Defendant filed the Motion to Dismiss Complaint (Doc. 5) on March 17, 2016. Plaintiff filed the Response in Opposition (Doc. 12) on April 11, 2016. In the Complaint (Doc. 2) Plaintiff alleges three counts that include (1) Declaratory Judgment pursuant to Chapter 86, Florida Statutes, (2) Anticipatory Breach of Contract, and (3) Unfair Claim Practices Violations.

Plaintiff was an ophthalmologist, performing eye surgery (Doc. 2 at ¶ 12). Plaintiff alleges he could no longer perform his occupation as an ophthalmologist after October 17, 2014,

1

and made a claim for disability based upon injuries to his right wrist, right shoulder, and back under two insurance policies issued by Defendant (Doc. 2 at ¶ 13).

The Policies were administered by UNUM, a related corporation acting as the claim administrator for Defendant (Doc. 2 at ¶ 14). UNUM approved Plaintiff's claim for disability benefits and determined he was entitled to benefits under the policies (Doc. 2 at ¶ 15). UNUM later issued a letter stating that its review of the record "notes that there is no indication the condition is attributable to an acute traumatic event" and approved Plaintiff's disability, claiming it resulted from a sickness, not an injury (Doc. 2 at ¶¶ 16-17).

The insurance policies constitute a contract for disability insurance and pay benefits for differing lengths of time depending on whether the insured's disability is due to an "injury" or a "sickness" (Doc. 2 at ¶ 6). "Injury" is defined in both policies as "accidental bodily injuries occurring while your policy is in force" and in the event Plaintiff were to become disabled due to an "injury," Defendant agreed to pay disability income for the remainder of Plaintiff's life (Doc. 12 at ¶ 4). "Sickness" is defined in both policies as "sickness or disease which is first manifested while your policy is in force" and in the event Plaintiff were to become disabled due to a "sickness," Defendant agreed to pay disability income benefits for only 30 months (Doc. 12 at ¶ 5).

Plaintiff states that medical records demonstrate the Plaintiff's primary diagnoses are triangular fibrocartilage complex (TFCC) tear in his wrist and a scapholunate advanced collapse (SLAC) in his wrist which he acquired while exiting the pool (Doc. 12 at ¶ 8). Plaintiff alleges he submitted multiple documents including medical literature and doctor's statements explaining that a torn scapholunate ligament and a torn TFCC ligament can only occur as the result of an acute traumatic event (Doc. 12 at ¶ 9).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Twombly*, 550, U.S. at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.* Second, a court will determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.*

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

I.   **Declaratory Judgment**

Florida's Declaratory Judgment Act is a procedural mechanism that confers subject matter jurisdiction on the Florida's circuit and county courts; it does not confer any substantive rights to litigants. *Strubel v. Hartford Ins. Co. of The Midwest*, 2010 WL 745616 at *2 (M.D. Fla. Feb. 26, 2010) (citing *Nirvana Condominium Ass'n, Inc. v. QBE Ins. Corp.*, 589 F. Supp. 2d 1336, 1335 n. 1 (S.D. Fla. 2008)). Florida's procedural rules are inapplicable in this diversity action. *See generally Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Accordingly, Count I will be construed as purporting to state a claim for relief pursuant to 28 U.S.C. § 2201.

A party filing an action for declaratory judgment must allege facts in a complaint from which it appears that there is a substantial likelihood that it will suffer injury in the future. *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999) (citing *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)). Furthermore, "a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief." *Fernando Grinberg Trust Success Int. Properties LLC v. Scottsdale Ins. Co.*, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010). In deciding whether to entertain a declaratory judgment action, district courts are provided significant discretion. *See Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).

Plaintiff's available legal remedy is through the law of contracts. Plaintiff's claim for declaratory relief is grounded in his doubt about the meaning of the policy terms 'sickness" and "injury" and how Defendant interpreted and applied those terms to his disability claim (Doc. 2 at ¶ 62). Plaintiff contradicts that claim in other allegations, which are incorporated by reference in

4

his Count I, by alleging the definitions of "sickness" and "injury" provided in both policies (Doc. 2 at ¶¶ 7-8). Plaintiff is trying to use the declaratory judgement procedure not to obtain clarification of an "ambiguous" contract, but rather to settle a factual issue upon which the insurance coverage turns.

Plaintiff also raises the issue that he will suffer damages once Defendant terminates his benefits on or about June 6, 2017 (Doc. 2 at ¶ 68). However, any damages Plaintiff suffers as a result of having his benefits terminated is subject to recovery under Count II of the Plaintiff's Complaint. Even when taking the factual allegations set out in the Plaintiff's complaint as true, this Court finds that the Plaintiff's claim for declaratory judgment is incorporated by their claim for damages for Anticipatory Breach of Contract. Accordingly, Defendant's Motion to Dismiss Count I of Plaintiff's Complaint is **GRANTED**.

## II.   Unfair Claim Practices Violation

Plaintiff and Defendant seem to agree Count III has not yet accrued; but, Plaintiff contends abatement of the count is favored over dismissal. Defendant argues the Court should dismiss Plaintiff's bad faith claim as opposed to abating it pending the outcome of the Anticipatory Breach of Contract claim in Count II.

Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad faith claim. *See, e.g., Allstate Indemnity Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) (cautioning "that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action").

In the instant case, Plaintiff's Anticipatory Breach of Contract claim is pending and has not been resolved in Plaintiff's favor. Therefore, Plaintiff's bad faith claim has not accrued and is

5

premature. This Court held that Florida law permits either dismissal without prejudice or abatement, but commented that it is beneficial having the same court already familiar with the dispute handle the bad faith claim. *See Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1270 (M.D. Fla. 2014). This Court chooses to keep with the practices of other district judges in the Middle District and abate rather than dismiss Count III in the interest of judicial economy. *Gianassi v. State Farm Mut. Auto. Ins. Co.*, 60 F. Supp. 3d 1267, 1270 (M.D. Fla. 2014); *Park Place Condo. Ass'n of Tampa, Inc. v. State Farm Fire & Cas. Co.*, 2011 WL 2470105 (M.D. Fla. May 13, 2011); *The Oaks Unit III condo. Ass'n. Inc. v. Allstate Ins. Co.*, 2010 WL 4542899 (M.D. Fla. Nov. 10, 2010); *Demott v. Liberty Mut. Fire Ins. Co.*, 2008 WL 2359923 (M.D. Fla. June 5, 2008). Dismissal of Count III is **DENIED**; Count III is **ABATED** pending resolution of Count II.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **GRANTED** in part and **DENIED** in part. Count III is **ABATED** pending resolution of Count II. Count I is **DISMISSED** as it is not appropriately before this Court due to the pending contract claim.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 27th day of July, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

6